UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Claude Wendell Bellamy, ) | |
| ) | C/A No. 4:15-803-RBH-TER |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| United States of America, ) | |
| Craig N. Ackley, ) | |
| John Ingram, and, ) | |
| Sam Davis, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This is a civil action filed pro se by Plaintiff Claude Wendell Bellamy, a federal inmate currently housed at FCI Williamsburg. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to dismissal). For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

### **BACKGROUND**[1]

Plaintiff, Claude Bellamy, and his two brothers, James Larry ("Larry") Bellamy and Alvin

---

[1] In reciting the background information, this Court notes that it takes judicial notice of materials in court records from Plaintiff's prior criminal (and habeas) proceedings. See Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir.1949); see Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records); see also In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating); See also Colonial Penn Ins. Co. v. Coil, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue);

1

Glenn ("Alvin") Bellamy, were charged in a five-count sealed Indictment in July 1999. The Indictment was unsealed on August 3, 1999. Count One charged all three defendants with a conspiracy, lasting from before February 14,1991, until on or about January 15,1998, to commit armed bank robbery in violation of 18 U.S.C. § 371. Count Two charged Claude and Larry with armed bank robbery and aiding and abetting on June 27,1996, in violation of 18 U.S.C. §§ 2113(a), (d), and 2. Count Three charged Claude and Larry with use of a firearm during and in relation to a crime of violence on June 27,1996, in violation of §§ 924(c), and 2. Count Four charged Claude, Larry and Alvin with armed bank robbery and aiding and abetting on January 2,1998, in violation of 18 U.S.C. §§ 2113(a), (d), and 2. Count Five charged Claude, Larry and Alvin with use of a firearm during and in relation to a crime of violence and aiding and abetting on January 2,1998, in violation of §§ 924(c), and 2.

After a two-week trial, a jury found all three defendants guilty as charged. Claude was sentenced to 593 months in prison and ordered to pay $359,582 in restitution. Plaintiff appealed and the Fourth Circuit Court of Appeals affirmed his convictions and sentence. See United States v. Bellamy, No. 00-4662. (4th Cir. January 22, 2002). Plaintiff filed a motion for relief pursuant to § 2255, which was denied, and his appeal of the same was dismissed. (09-6358). Plaintiff is currently serving his sentence at FCI Williamsburg. In his Complaint, Plaintiff sues the United States of America, an FBI agent, and two officers with the Brunswick County Sheriff's Officer in Shallotte, North Carolina for alleged violations of his constitutional rights, alleging that he was subjected to an unlawful search and seizure. Plaintiff seeks declaratory relief and damages.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. De'Lonta v. Angelone, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff alleges that on January 2, 1998 the named defendants came to his home in Little River, South Carolina, and without a warrant, and without probable cause, did subject him to an unlawful "seizure of his person" in violation of his Fourth Amendment rights. Because two of the Defendants are state or local officers and one is a federal officer, Plaintiff's assertions of constitutional violations by these persons fall under both 42 U.S.C. § 1983 and the Bivens Doctrine. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by

3

persons acting under color of state law. Jett v. Dallas Indep. School Dist., 491 U.S. 701, 731–32, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. Wyatt v. Cole, 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992) (citation omitted) (emphasis added). The Bivens Doctrine establishes a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. The doctrine developed to address constitutional violations by federal officials who cannot be sued under § 1983 because they do not act under color of state law. Harlow v. Fitzgerald, 457 U.S. 800, 814–20, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Case law involving § 1983 claims is applicable in Bivens actions and vice versa. Farmer v. Brennan, 511 U.S. 825, 833–42, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (Bivens case applying § 1983 cases throughout); see also Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); Turner v. Dammon, 848 F.2d 440, 443–44 (4th Cir.1988).

     As an initial matter, the Court notes that when a warrant authorizes a law enforcement officer to enter a premises to conduct a search, the warrant "implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." See Abdulahad v. Chesterfield County Sheriff's Dept et al., 2008 WL 4442600 2008)(citing Mazuz v. Maryland, 442 F.3d 217 (4th Cir.2006) quoting Summers, 452 U.S. at 705, 101 S.Ct. 2587, 69 L.Ed.2d 340). Although in this case Plaintiff asserts that there was not a search warrant, the search was determined to be consensual by the District Court who found that Claude Bellamy "freely agreed to permit the officers to search his house, stating that they could look anywhere they wanted to look." See United States v. Bellamy et al., 2002 WL 80259 (4th Cir. 2002). On appeal, Plaintiff "no longer dispute[d]" the consensual nature of the search. Id. After careful review and consideration and in light of Plaintiff's requested relief that this Court "vacate the judgment and conviction or in the alternative

4

issue an order for Plaintiff's immediate release from the BOP," the Court finds Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). With respect to actions filed such as the present one alleging constitutional violations and/or other improprieties in connection with criminal charges, the Court stated:

> We hold that, in order to recover damages [or other relief][2] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Until the underlying conviction or sentence has been invalidated, a prisoner "cannot use a § 1983 action to challenge 'the fact or duration of his confinement,' " but 'must seek federal habeas corpus relief (or appropriate state relief) instead.' " Wilkinson v. Dotson, 544 U.S. 74, 78(2005) (quoting Preiser v. Rodriguez, 411

---

[2] See Johnson v. Freeburn, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under Heck v. Humphrey, nature of relief sought is not critical question; rather, it is the grounds for relief); see also Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought); see also Mobley v. Tompkins, 473 F. App'x 337, 337 (4th Cir. 2012)(injunctive relief not available under Heck)(citing Clemente v. Allen and other cases).

5

U.S. 475, 489 (1973)).

It appears that Plaintiff has already pursued both direct and collateral challenges to his convictions, but he has been unsuccessful in overturning his convictions as is evidenced by the fact that he is still incarcerated and serving the sentence imposed. See 00-4662, 09-6358). Because Plaintiff has not been successful in having his convictions set aside by way of appeal, habeas corpus, or otherwise, and because Plaintiff's allegations of improper activity by the various law enforcement officers if true, would necessarily invalidate his conviction, he cannot sue any of the named Defendants based on their involvement in his prosecution and ultimate conviction. See generally, Ballenger v Owens et al., 352 F.3d 842 (4th Cir. 2003).

Additionally, the Court notes that the United States of America is immune from suit. The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).

For the reasons set forth above, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case without prejudice and without issuance and service of process. See Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 29, 2015  
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).