IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Claude Wendell Bellamy, | ) | Civil Action No.: 4:15-cv-00803-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| Craig N. Ackley, John Ingram, | ) | |
| and Sam Davis, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, a federal prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

This matter is now before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III,[1] filed on April 29, 2015 (ECF No. 11). In his R&R, the Magistrate Judge recommended that the court should summarily dismiss the Complaint without prejudice and without issuance and service of process. On May 7, 2015,[2] Plaintiff timely filed his Objections to the R & R. (ECF No. 13) On the same date, Plaintiff filed an ""Amended Complaint", which is construed by the Court as a motion to amend the complaint. (ECF No. 15) On May 29, 2015, Plaintiff filed a Motion for Summary Judgment. (ECF No. 17).

**Background Facts**

Plaintiff is a federal inmate currently incarcerated at Williamsburg FCI in Salters, South

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636 and Local Rule 73.02, D.S.C.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

Carolina.

In his Complaint (ECF No. 1), Plaintiff alleges that the defendants violated his due process rights by a warrantless "seizure of his person" without probable cause at his home in Little River, South Carolina on **January 2, 1998** (seventeen years ago) and that he was later convicted in the United States District Court of certain crimes without an evidentiary hearing. He states that he does not challenge his conviction but that his lawsuit is based upon "improper and unlawful use of policies and procedures". *Id*., p. 5. For relief, Plaintiff requests the Court to "vacate the judgment and conviction or in the alternative issue an order for Plaintiff's immediate release from the B.O.P." *Id*., p. 6. He also requests actual and punitive damages.

In the plaintiff's proposed amended complaint, he makes similar but more detailed factual allegations and adds that the defendants violated his constitutional rights under the Fourth and Eighth Amendments and the equal protection clause of the Fourteenth Amendment. He also alleges that the defendants conspired to deprive him of his civil rights in violation of 42 U.S.C. § 1985. Plaintiff "seeks redress under the Federal laws and appropriate relief therefrom." (ECF No. 15, p. 19)

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

In the R&R, the Magistrate Judge concluded that this claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* R & R at 5-6. The Magistrate Judge also found that the claim against the United States should be dismissed on the basis that it is immune from suit.

Under *Heck*, "when a . . . prisoner seeks damages in a suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The Magistrate Judge concluded in the R & R that "[b]ecause Plaintiff has not been successful in having his convictions set aside by way of appeal, habeas corpus, or otherwise, and because Plaintiff's allegations of improper activity by the various law enforcement officers if true, would necessarily invalidate his conviction, he cannot sue any of the named Defendants based on their involvement in his prosecution and ultimate conviction." R & R at 6.

Plaintiff first objects to the dismissal of his claims under *Heck* on the basis that *Heck* requires a "close factual examination of the underlying conviction" and that the Magistrate Judge failed to make

3

factual findings regarding whether a seizure occurred, whether a probable cause determination occurred in reference to the search, whether due process was violated during the search, or if an evidentiary hearing was held. However, the Magistrate Judge did recite the background of the underlying criminal convictions by taking judicial notice of court records from the plaintiff's criminal and habeas proceedings. He also specifically noted that Plaintiff did not challenge on appeal "the consensual nature of the search." (R&R, ECF No. 11, p. 4) No additional factual findings were necessary where the magistrate recommended dismissal of the case under *Heck*.

Plaintiff also asserts that *Heck* does not apply because he "does not challenge or attack the current conviction" but rather the "defendants' improper and unlawful use of the practices, policy and procedures (or the lack thereof) that were employed against this Plaintiff with respect to the mandated practices." (ECF No. 13, p. 1-2.) Plaintiff states that he is withdrawing the "language in his initial complaint's conclusion", which requests that the conviction and sentence be vacated and that he be immediately released.

Even considering the withdrawal of the language requesting that the conviction and sentence be vacated, and considering the allegations in the plaintiff's proposed amended complaint, this matter must be dismissed pursuant to *Heck*. The Fourth Circuit found in Bellamy's direct appeal that the search was consensual. Officers have the authority to detain occupants of premises during a search pursuant to a warrant and during a consensual search. *See Michigan v. Summers*, 452 U.S. 692, 705 (1981); *United States v. Hernandez-Hernandez*, 327 F.3d 703, 706 (8th Cir. 2003). This is justified by the interest of law enforcement officers in preventing flight if incriminating evidence is found and also in minimizing the risk of harm to the officers. *Summers*, 452 U.S. at 702-703. Detention of the occupants during a search also facilitates the "orderly completion of the search". *Id.* at 703. In

addition, the order denying Plaintiff's motion pursuant to 28 U.S.C. Section 2255 states: "The lawfulness of the **search and seizure** were raised both in a motion to suppress in the district court and on appeal in the Fourth Circuit Court of Appeals, and both courts ruled against his arguments." *Bellamy v. United States*, No. 7:99-cr-49-1-F, No. 7:03-cv-24-F , at 3 (E.D.N.C. February 3, 2009)(emphasis added).   Therefore, the plaintiff's claims are barred by *Heck*.[3]

### Conclusion

The court has thoroughly reviewed the entire record, including the R & R and objections, and applicable law.  For the reasons stated above and by the Magistrate Judge[4], the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the R & R of the Magistrate Judge. The Court grants the motion to amend the complaint but still finds that the Plaintiff's claims should be and are hereby **DISMISSED** *without prejudice*.  The plaintiff's motion for summary judgment is denied.

**IT IS SO ORDERED.**

  s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 11, 2015

---

[3] It would certainly seem obvious that the claims would also be barred by the statute of limitations where the claims arose over seventeen years ago.

[4] The plaintiff has not objected to the Magistrate Judge's recommendation that the United States should be dismissed on the basis that it is immune from suit.